**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**WATKINS and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 11, 2026**

# In the Court of Appeals of Georgia

A26A0191. MORANO v. WAL-MART STORES EAST, LP.

MCFADDEN, Presiding Judge.

Betty Morano appeals from the trial court's grant of summary judgment to Wal-Mart Stores East, LP in this slip-and-fall action. The sole issue on appeal is whether a genuine issue of material fact exists as to whether Morano had equal or superior knowledge to Wal-Mart of the hazard, a substance on the floor that she slipped in while shopping at a Wal-Mart store. Because we agree with Morano that a question of fact exists on that issue, we reverse.

1. *Facts*

"On appeal from a ruling on a motion for summary judgment, [we] conduct[] a de novo review, viewing the evidence, and all reasonable inferences drawn

therefrom, in the light most favorable to the nonmovant." *SMG Constr. Servs. v. Cook*, 322 Ga. 819, 820 (922 SE2d 76) (2025) (citation modified). So viewed, the evidence shows that on June 21, 2020, a customer in a Wal-Mart store dropped a container of hair product on the floor, spilling some of the product. The spilled substance was a light color that blended in with the tile floor. The customer picked the container back up, replaced its lid, and put it back on the shelf.

About thirty minutes later another customer, Morano, entered the aisle where the hair product remained on the floor. Without seeing the spilled substance, she stepped into it while browsing items on the shelves. Morano realized that she was standing in a substance, turned and began to warn another customer of it, then shortly thereafter slipped and fell to the floor. Morano was injured in the fall.

2. *Analysis*

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. "[T]he fundamental basis for an owner or occupier's liability [is] that party's superior knowledge of the

hazard encountered by the plaintiff." *Robinson v. Kroger Co.*, 268 Ga. 735, 736(1) (493 SE2d 403) (1997). As our Supreme Court has explained,

> to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [her]self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known.

Id. at 748-49(2)(b). See also *Williams Inv. Co. v. Girardot*, 354 Ga. App. 762, 763-64 (841 SE2d 436) (2020).

Wal-Mart does not challenge the existence of a genuine issue of material fact with regard to the first prong of this analysis: whether it had actual or constructive knowledge of the spilled substance. Likewise, Wal-Mart does not challenge the existence of a genuine issue of material fact as to whether Morano, in the exercise of ordinary care, should have known of the spilled substance.

Instead, Wal-Mart argues that Morano had actual knowledge of the spilled substance that was equal or superior to Wal-Mart's own knowledge. But as Wal-Mart

concedes in its appellate brief, Morano "discovered and saw the substance on the floor *after* she stepped in it[.]" (Emphasis added.) Nevertheless, Wal-Mart argues that it is entitled to summary judgment because the undisputed evidence shows that Morano, after seeing the substance, "interact[ed]" with it by moving her foot in it and then "walk[ing] back through" it before falling.

Knowledge of a hazard gained after the invitee has already been exposed to it but immediately before the invitee falls does not satisfy the requirement articulated in *Robinson* that the plaintiff must have "intentionally and unreasonably exposed [her]self to a hazard of which [she] knew[.]" *Robinson*, 268 Ga. at 749(2)(b). And viewed most favorably to Morano, the evidence does not compel a finding that she intentionally and unreasonably "walked back through" the substance after realizing that it was there. Morano testified in her deposition: "I stepped on something. I turned to [the other customer], and I told her to be careful. I think there's something on the floor. And I think I didn't even get to finish my sentence when I went down. I'm — I guess, I took another step. And that's when I — it just went out from under me." When asked if she had moved her foot around in the substance before falling, Morano testified: "I don't think so. I could have, but I don't think so."

4

The record contains a surveillance video recording of the incident that Wal-Mart argues resolves this issue in its favor. A court may, on summary judgment, disregard a party's description of an incident if it is blatantly contradicted by a video recording of the incident. See *Smith v. Wal-Mart Stores East*, 330 Ga. App. 340, 348(2)(b)(ii) (765 SE2d 518) (2014) (citing *Scott v. Harris*, 550 U.S. 372, 380(III)(A) (127 SCt 1769, 167 LE2d 686) (2007)). But the video recording in this case does not clearly show what occurred. It shows Morano entering an aisle; stopping to look at something on a shelf; looking down at her feet; moving around a bit; turning to speak to someone; and then slipping and falling onto the floor approximately 25 seconds after she first looked at her feet. Due to the angle and distance of the camera, as well as the placement of Morano's shopping cart in front of her, however, the video recording does not provide a clear view of Morano's feet or the substance itself. Importantly, it does not show whether Morano stepped out of the substance and then back into it before she fell.

Wal-Mart's 30(b)(6) representative deposed that it appeared from the video recording that Morano did move her foot in the substance, and Morano agreed in her deposition that the video could be viewed that way. But it is reasonable to infer from

this testimony that Morano was trying to remove herself from the hazard, not to further expose herself to it. Simply put, the record — including the surveillance video — does not contain plain, palpable, and undisputed evidence that Morano intentionally and unreasonably exposed herself to the hazard after becoming aware of it. See generally *Robinson*, 268 Ga. at 748(2)(b) (routine issues of premises liability, such as whether a plaintiff intentionally and unreasonably exposed herself to a known hazard, "are generally not susceptible of summary adjudication, and … summary judgment is granted only when the evidence is plain, palpable, and undisputed").

The authorities cited by Wal-Mart do not require a different conclusion. As to the two cases on which the parties particularly focus in their appellate briefs, in *P&D Ole Times v. McCray*, 369 Ga. App. 270, 271-72, 275 (893 SE2d 171) (2023), the plaintiff entered the restroom of a restaurant, saw an overflowing trash can and paper towels on the floor, used the restroom and washed his hands, then slipped on a paper towel as he walked to the door to leave. And in *Martin v. Consolidated Stores Corp.*, 248 Ga. App. 812, 813-14 (547 SE2d 380) (2001), the plaintiff entered a store restroom, saw water pouring out of a urinal onto the floor, purposefully walked through an inch of standing water to enter a stall, then walked back through the standing water after

exiting the stall, and fell just as he reached the door of the bathroom. Id. at 813-14. Both cases, unlike here, involved plaintiffs who saw the hazards before putting themselves in proximity to the hazards.

Because there exists a genuine issue of material fact on whether Morano had equal or superior knowledge of the hazard, Wal-Mart has not shown that it is entitled to summary judgment.

*Judgment reversed. Watkins and Padgett, JJ., concur.*